# CASES IN CHANCERY.

## MARCH TERM, 1848.

### PERRINE S. VAN WAGNER v. EDWIN VAN WAGNER.

A. executed a deed of land to B., absolute on its face; and B. executed to A. a bond, in a penal sum, reciting the deed made by A. to him, and that A. was indebted to him on two notes, stating them, and the amounts thereof, and providing that if A. should refuse or neglect to pay the said notes on or before a certain day, the bond should be void; but that if A. should, on or before the said day, pay the said notes, and the said B. should, upon due notice of such payment, thereafter neglect or refuse to convey the said land to A., the said bond should remain in force.

*Held*, that the deed and bond constituted a mortgage.

*Held, further*, that the mortgage was not a security for moneys due from A. to B. on other accounts.

On the 26th of April, 1845, Perrine L. Van Wagner exhibited his bill, stating that his father, James Van Wagner, died June 1, 1842, intestate, leaving his widow, Phebe Van Wagner, and four children, viz: the complainant, Edwin Van Wagner, the defendant, and Eliza Sayre, wife of Charles Sayre, and Phebe Jane Van Wagner, his heirs at law; that the said decedent died seized of considerable real estate; that after his death, and on or about July 21, 1842, the said widow and the said Edwin, Phebe Jane, and Charles Sayre and wife, by their deed of that date, for the consideration of $4,000 expressed therein, bargained, sold, released and conveyed to the complainant, in fee simple, all their interest in the said real estate.

That, in order to secure to the said widow an annuity during her life, in consideration of her joining in said deed, the complainant, on or about the date of said deed, executed to her his bond in the penal sum of $2,800, condition for the payment to her of $84 a year during her life; the first payment to be made on the 1st of April, 1844; and, further to secure the payment thereof, the complainant, with his wife, executed to the said widow, a mortgage on the lands described in the said deed, except a part of the first tract mentioned therein.

1842, in the penal sum of $2,100, conditioned for the payment to them of $1,050 on the terms expressed in the said condition, which are, according to his recollection and belief, for the payment, at the death of the said widow, of $350 to the said Edwin, $350 to the said Phebe Jane, and $350 to the said Charles Sayre and wife. And, to secure the payment of the moneys in the last mentioned bond specified, the complainant and his wife, on the same 21st of July, 1842, executed to the said Edwin, Phebe Jane, and Charles Sayre and wife another mortgage on the same lands and premises, excepting a part of the first tract.

That the share of the said children and heirs at law in the lands and real estate of the said decedent, at the time of the said conveyance thereof to. the complainant, was valued at $700 over and above the said sum of $1,050 for which a mortgage was given as aforesaid to the said Edwin, Phebe, and Charles Sayre and wife.

That the complainant, with his wife, immediately after receiving a title to the said lands, and on the said 21st of July, 1842, conveyed, in fee simple, with the usual covenants of warranty, a part of the said first tract, being about eighteen acres, to the said Edwin, for the consideration expressed in the said deed of $800 ; and the said deed and the land described therein were intended, accepted and taken by Edwin, among other things, in full satisfaction of the said sum of $700, the valuation to him as aforesaid in the said lands and real estate.

That on or about July 25, 1842, the complainant gave his promissory note to the said Charles Sayre for $700, payable to him or his order, eight months after date, for value received, without defalcation or discount, and which note was also subscribed by said Edwin Van Wagner, as security for the complainant, and was delivered to and accepted by the said Charles Sayre for and in satisfaction of his and his wife's joining in the said conveyance to the complainant, and for the said valuation to

That, in order to secure to the said Edwin, Phebe Jane, and Charles Sayre and his wife $1,050, as an equivalent for their interest in the dower right of the said widow at her death, the complainant gave to them his bond, dated the same July 21,

them of $700 ; and that in or about July, 1842, the complainant gave to the said Edwin his promissory note for $300 ; which said two promissory notes last mentioned are the notes mentioned and and referred to in the recital and condition of the bond hereinafter mentioned as given by the said Edwin to the complainant.

That upon the urgent solicitation, request and demand of the said Edwin, and to secure him in respect to his being surety as aforesaid on the complainant's said note for $700 to Charles Sayre, and to secure him in respect to the said note of $300 so given to him, the complainant and his wife, on or about Sept. 20, 1843, executed a deed in fee simple, absolute on the face of it, and delivered it to the said Edwin, for all the lands in the said first mentioned deed described, except the eighteen acres conveyed to the said Edwin as aforesaid ; which deed, though absolute on the face of it, the complainant charges, was given and accepted and intended so to be by the parties to it, as and in the nature of a mortgage.

That, at the time of the giving the same to the said Edwin, the said Edwin made, executed and delivered to the complainant a bond, in the penal sum of $1,000, dated Sept. 20, 1843, reciting that the complainant has, by deed of that date, conveyed to the said Edwin certain lands in Morris county, being the same premises mentioned in a deed from the heirs of James Van Wagner, except a tract previously conveyed by the complainant to the said Edwin, deceased, to the complainant ; and that the said Perrine (the complainant) is indebted to the said Edwin on two promissory notes, on the first of which the said Edwin is security for the said Perrine to Charles Sayre, for $700, with interest from April 1, 1843 ; and the second of which is drawn by the said Perrine to the said Edwin, dated in 1843, for $300, and has been indorsed and guarantied away by said Edwin ; that said Edwin is about to pay to the said Charles Sayre $420 on the said $700 note ; and then providing, that if the said Perrine shall refuse or neglect to pay to the said Edwin $432, or shall refuse or neglect to pay to the person entitled to the balance which will then be due on the said note for $700, or the sum of $200 on the said note for $300, on or before the 22d of March then next, then the said bond to be void and of no

effect. But that if the said Perrine shall, on or before the said 22d of March, make the said several payments, and the said Edwin shall, upon due notice of such fact, thereafter neglect or refuse to convey to the said Perrine the premises, &c., by deed of that date conveyed by the said Perrine to the said Edwin, as fully as the same were by that deed conveyed to the said Edwin, then the above obligation to remain in full force.

That, shortly after the said conveyance of the said lands to the complainant, he took the direction and control thereof, except the said eighteen acres; and in the latter part of March, 1844, moved from the township of Bernards, with his family, and took possession thereof; that as the said 22d of March was approaching it was agreed between the said Edwin and the complainant to extend the time for making the said several payments mentioned in the condition of the last mentioned bond until the 1st of April, 1845. And the complainant, as connected with this arrangement, consented that the said Edwin might live and board with the complainant upon the complainant's moving upon the said premises; that on his moving upon the said premises the said Edwin began to live and board with the complainant, and has continued to do so to this time.

The bill charges, that the arrangement between him and Edwin was, that the board of Edwin was to be instead of interest on the two said notes; that Edwin, in September or October, 1844, declared to the complainant that he should not have the said lands at all; and, about that time, ordered the complainant's hired man to stop hauling out compost and spreading it on the land, alleging that the complainant had already more sown on the premises than he would reap; that Edwin has otherwise, for some time past, assumed to be the absolute owner of the said premises discharged of any right or interest of the complainant's therein, and has denied the complainant's right to redeem the same by paying off the said notes, or in any other way; and that, about two months ago, as the complainant is informed and believes, the said Edwin offered the said lands, or the principal part thereof, for sale, to one Ebenezer C. Lindsley, who wished to purchase the same, without informing the said Ebenezer of the right and equitable interest of the complainant

therein.   And that the said Edwin has lately offered some part of the said lands for sale to one William Cross.

The complainant states, that the said lands so conveyed by him and his wife to the said Edwin, were, at the time of the said conveyance, worth to him at least $4,200, and that, with the full expectation and intention of redeeming the same, he expended large sums in improving the same, which was done with the knowledge and under the observation of the said Edwin, who then suffered the same to be done without insisting that under his said deed he had an absolute title to the said premises indefeasible, or in any way warning the complainant against making such outlay and expenses; that between April 1 and July 1, 1844, the complainant, with the knowledge of the said Edwin, put about 150 bushels of lime and about 50 bushels of ashes upon the said premises, and put about 1,500 shingles on the barn, and 1,100 or 1,200 ft. of oak weatherboards on the barn and shed adjoining, and moved a corn crib and smoke house on the premises, cut and made 150 chestnut rails and put them in fences on the lands, and made thereon about 150 chestnut posts, intended for use on the same; all which was done under the full expectation and intention on the part of the complainant of redeeming and receiving back to himself the title to the said premises.

That the said Edwin, on or about Sept. 22, 1843, paid on the said note of $700 the sum of $420, and that the complainant afterwards, on or about April 2, 1844, put into the hands of said Edwin $285 to pay, for the complainant, on the said last mentioned note, which he did, on the same day, pay on the said note. And the complainant afterwards paid the balance of the said note to the holder of it, and took it up and has it now in his possession.

That the complainant is informed and believes that the said Edwin has paid off and taken up the said note of $300, $100 whereof was part of the consideration of $800 expressed in the first mentioned deed from the complainant and his wife to the said Edwin, so that the complainant, as appears by the said bond of the said Edwin to the complainant, was only to pay $200 upon the said $300 note.

That on the 2d of April, 1845, the complainant, by his agent, tendered to the said Edwin $700, being the full amount of what

the complainant could legally be required to pay on the said notes of $700 and $300, as well for the principal as for the interest thereof ; and upon such tender required said Edwin to re-convey to him, in fee simple, by a release and quit-claim deed, free from any incumbrance thereon made by the said Edwin, the said lands and premises described in the said deed from the complainant and his wife to the said Edwin, and presented to the said Edwin a release and quit-claim to be executed by him to the complainant ; but that the said Edwin refused to accept the said tender and to convey the said premises to the complainant, insisting that he had a good title to the said premises which could not be defeated by the complainant, or by any act of, or tender by the complainant.

The bill prays, that the complainant may be permitted to re-deem the said lands and premises ; the complainant offering to pay the amount due for principal and interest on the said mortgage or deed in the nature of a mortgage, up. to the time of such tender made as aforesaid ; and that the said Edwin may be de-creed to re-convey the said lands to the complainant, in fee simple, free from any incumbrance made by the said Edwin there-upon, except the part excepted as aforesaid ; and that in the mean time the said Edwin may be restrained by injunction from conveying or incumbering the said lands or any part thereof.

The injunction prayed for was allowed.

The defendant in his answer denies that the conveyance made by the complainant to him was accepted and intended by the parties thereto to be in the nature of a mortgage, and avers that he received the said deed as an absolute deed for the property, and that the bond or agreement made by him to re-convey to the complainant was an independent agreement, to be performed by him on the conditions therein specified ; and that he was ready and willing to re-convey to the complainant at the time specified in the said bond or agreement, according to the terms and conditions thereof, but that the complainant neglected to pay the moneys therein mentioned and take a re-conveyance at the time and according to the terms of the said agreement.

He also sets up that the complainant is indebted to him on

other accounts, and claims, if the complainant shall be permitted to redeem, that he should be ordered to pay, also, the amount which may be found to be due him from the complainant on such other accounts.

Testimony was taken on both sides.

*J. J. Scofield* for complainant.    He cited 1 *Green's Ch.* 264; *Saxton's Ch.* 537; *Rev. Stat.* 658, sec. 4; 5 *Mass. Rep.* 109; 12 *Ib.* 387; 2 *Story's Eq.*, sec. 1018, 19; 13 *Pick.* 411, 15; 14 *Ib.* 467; 15 *Ib.* 259; 18 *Ib.* 540; 1 *Wend.* 437; 3 *Ib.* 211, 213; 7 *Ib.* 248; 19 *Ib.* 518; 2 *Mass.* 493, 7; 8 *Ib.* 159; 12 *Ib.* 457; 13 *Ib.* 309; 1 *Sandford's Ch. Rep.* 56; 1 *Paige* 56, and other cases.

*E. W. Whelpley,* contra, cited 6 *John. Ch.* 428; 4 *Kent's Com.* 175, 6; 2 *Edwards,* 138.

THE CHANCELLOR said that the transaction was a mortgage, and that it was not a security for any balance due the defendant on other accounts.

Decree for complainant.